UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ANDREW ABEYTA,

             Plaintiff,

        -against-

THE CITY OF NEW YORK,
NANHAO CHEN and ALLAN TAEZA,

            Defendants.
------------------------------X

**AMENDED COMPLAINT**

Trial by Jury Demanded

12-CV-05623

    Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES, JURISDICTION and VENUE

    1. That plaintiff is a citizen of the State of California.

    2. That upon information and belief, at all times herein mentioned, defendants were and are citizens of the State of New York.

    3. That this Court has jurisdiction over this matter under 28 USC § 1332 in that there is diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

    4. That this Court also has jurisdiction over this action in that some of the causes of action herein arise under 42 USC § 1983.

    5. That venue is proper in the Southern District of New York pursuant to 28 USC § 1391(a) in that the events giving rise to this action occurred in this district.

    6. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

7. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City and with defendant Nanhao Chen (hereinafter "Chen") on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City and Chen have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

8. That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

9. That at all times herein mentioned, Chen was and is employed as a police officer with the NYPD.

10. That at all times herein mentioned, Chen was acting within the course and scope of his employment with the NYPD.

11. That at all times herein mentioned, Chen was acting under color of state law.

12. That at all times herein mentioned, defendant Allan Taeza (hereinafter "Taeza") was and is employed as a police officer with the NYPD.

13. That at all times herein mentioned, Taeza was acting within the course and scope of his employment with the NYPD.

14. That at all times herein mentioned, Taeza was acting under color of state law.

15. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

16. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

17. That on April 14, 2012, in the County of New York, City and State of New York, plaintiff approached Chen and Taeza, who were sitting in an NYPD vehicle, and asked the officers for assistance.

18. That in response to plaintiff's request, Chen told plaintiff that the officers were occupied and Chen declined to furnish any assistance to plaintiff.

19. That plaintiff then repeated his request, and again Chen responded by telling plaintiff that the officers were occupied and by declining to furnish plaintiff with any assistance.

20. That in response to Chen's refusal of assistance, plaintiff stated to Chen and Taeza, in substance, "You really look occupied sitting there doing nothing; thanks for doing your civic duty."

21. That plaintiff's statement to Chen and Taeza constituted protected speech under the Free Speech Clause of the First Amendment of the United States Constitution.

22. That in response to plaintiff's exercise of his rights under the First Amendment, Chen and Taeza then exited their vehicle, forcibly seized and grabbed plaintiff, forcibly slammed plaintiff's head against the hood of their motor vehicle, placed plaintiff in handcuffs and otherwise used excessive force against plaintiff.

23. That Chen and Taeza thereafter forcibly detained plaintiff, in handcuffs and against his will, with his head against the hood of the NYPD vehicle for an extended period of time.

24. That the City, by and through its agents, servants and/or employees, including Chen and Taeza, thereafter caused plaintiff, still in handcuffs, forcibly to be taken against his will to Bellevue Medical Center.

25. That the aforesaid actions by the City, by and through its agents, servants and/or employees, including Chen and Taeza, were undertaken without a warrant and without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or violation, and without otherwise being justified.

26. That the aforesaid actions by the City, by and through its agents, servants and/or employees, including Chen and Taeza, were in fact motivated solely by a desire to punish plaintiff and to retaliate against plaintiff for having voiced criticism at NYPD officers and for having exercised his First Amendment right of free speech.

27. That no criminal charges were brought or filed against plaintiff by Chen, Taeza or any other member of the NYPD in connection with the events of April 14, 2012; plaintiff was not even issued a summons or a desk appearance ticket for any conduct that resulted in his being seized, handcuffed, forcibly detained and forcibly transported to Bellevue Medical Center.

28. That the actions of defendants were intentional, malicious, spiteful and done with the specific purpose of causing harm, physical and otherwise, to plaintiff.

29. That defendants' actions were intended to cause plaintiff severe emotional distress, or at the very least were undertaken in disregard of a substantial possibility of causing plaintiff severe emotional distress.

30. That as a result of the actions of defendants, plaintiff sustained severe physical and psychological injuries and emotional distress, endured and will continue to endure pain and suffering and loss of enjoyment of life, and incurred and will continue to incur medical, hospital, and other healthcare expenses.

31. That as a further result of the actions of defendants, plaintiff no longer was able to function in his capacity as an energy and sustainability consultant and analyst, and was terminated from his employment, thus sustaining loss of earnings and employment-related benefits, losses that will extend into the future.

32. That as a further result of the actions of defendants, plaintiff sustained and will continue to sustain additional economic loss.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(State Law Claim: Assault and Battery)

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. That the aforesaid actions by defendants constituted an assault and battery upon plaintiff under New York State law, for which defendants Chen and Taeza are answerable in damages and for which the City is vicariously liable under the doctrine of respondeat superior.

## SECOND CAUSE OF ACTION AGAINST CHEN and TAEZA
(42 U.S.C. § 1983: Excessive Force)

35. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

36. That the aforesaid actions by defendants constituted excessive force against plaintiff in violation of the proscription against unreasonable searches and seizures

contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(State Law Claim: False Arrest/Imprisonment)

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

38. That the aforesaid actions by defendants constituted a false arrest and false imprisonment of plaintiff under New York State law, for which defendants Chen and Taeza are answerable in damages and for which the City is vicariously liable under the doctrine of respondeat superior.

### FOURTH CAUSE OF ACTION AGAINST CHEN and TAEZA
(42 U.S.C. § 1983: False Arrest/Imprisonment)

39. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

40. That the aforesaid actions by defendants constituted a false arrest and imprisonment and an illegal seizure of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION AGAINST CHEN and TAEZA
(42 U.S.C. § 1983: First Amendment Violation)

41. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

42. That the aforesaid actions by defendants constituted a violation of the proscription against prohibiting or abridging plaintiff's freedom of speech and his right to

petition the government for a redress of grievances, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION AGAINST CHEN and TAEZA
(State Law Claim: Intentional Infliction of Emotional Distress)

43. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

44. That the aforesaid actions by Chen and Taeza constituted an intentional infliction of emotional distress against plaintiff under New York State law, for which defendants Chen and Taeza are answerable in damages.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, as follows: On the First Cause of Action: Ten Million ($10,000,000) Dollars; On the Second Cause of Action: Ten Million ($10,000,000) Dollars; On the Third Cause of Action: Ten Million ($10,000,000) Dollars; On the Fourth Cause of Action: Ten Million ($10,000,000) Dollars; On the Fifth Cause of Action: Ten Million ($10,000,000) Dollars; On the Sixth Cause of Action: Ten Million ($10,000,000) Dollars; and plaintiff demands punitive damages against defendants Chen and Taeza, each in the amount of One Million ($1,000,000.00) Dollars, and plaintiff

demands attorney's fees pursuant to 42 USC § 1988, and the costs and disbursements of this action.

Dated: New York, New York
October 12, 2012

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

By _____
                                        Edward Sivin
                                        Attorneys for Plaintiff
                                        20 Vesey Street, Suite 1400
                                        New York, NY 10007
                                        (212) 349-0300