UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANDREW ABEYTA,

                Plaintiff,

      -against-                       12 CV 5623 (KBF)

THE CITY OF NEW YORK,
NANHAO CHEN and ALLAN TAEZA,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION
## FOR AN ATTORNEY'S FEE

Dated:  New York, New York
       January 7, 2014

*Sivin & Miller, LLP*
*Attorneys for plaintiff*
*20 Vesey Street, Suite 1400*
*New York, NY 10007*
*(212) 349-0300*

# PRELIMINARY STATEMENT

This memorandum of law and the accompanying Declaration of Edward Sivin, Affidavit of Andrew Abeyta, and other supporting exhibits are submitted by plaintiff in opposition to defendants' motion for an order awarding defendants an attorney's fee pursuant to 42 U.S.C. § 1988. Defendants' motion should be denied in its entirety since none of plaintiff's claims was "frivolous, unreasonable, or without foundation." Indeed, defendants do not even identify which of plaintiff's claims they believe to be frivolous. Moreover, had they demonstrated that even one of plaintiff's claims was frivolous, defendants' fee application still would have to be denied since defendants fail to allege, much less demonstrate, that they would not have "incurred" the same attorney's fee in defense of plaintiff's non-frivolous claims. Finally, given plaintiff's finances, defendants' fee request would be unreasonable even were those fees incurred exclusively in defense of one or more claims that were frivolous.

# FACTS

## Procedural History

On October 12, 2012, plaintiff filed an amended complaint alleging various state and federal causes of action against The City of New York (the City), NYPD Officer Nanhao Chen (Chen), and NYPD Officer Allan Taeza (Taeza). *See* Amended Complaint of October 12, 2012, attached to the January 6, 2014 Declaration of Edward Sivin ("Sivin Declaration"), as Exhibit 1. At the time action was commenced, plaintiff was a citizen of California and defendants all were citizens of New York. Accordingly, this court had independent jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1332.

On February 8, 2013, defendants made a settlement offer to plaintiff of $25,000.01, "plus reasonable attorneys' fees, expenses, and costs to date of this offer for

plaintiff's federal claims." *See* Exhibit A to December 6, 2013 Declaration of Tobias E.
Zimmerman in Support of Defendants' Motion for Attorneys' Fees Pursuant to Fed. R. Civ. P.
54(d) ("Zimmerman Declaration").  Plaintiff did not accept that offer.

> On August 18, 2013, defendants moved for summary judgment and filed a
Memorandum of Law outlining the purported basis for their request that all of plaintiff's causes
of action be dismissed.  *See* Defendants' Memorandum of Law in Support of Their Motion for
Summary Judgment or, in the Alternative, to Bifurcate the Trial of Liability From Damages,
attached to the Sivin Declaration as Exhibit 2.  On September 3, 2013, plaintiff filed a
Memorandum of Law in partial opposition to defendants' motion.[1]  *See* Plaintiff's Memorandum
of Law in Partial Opposition to Defendants' Motion for Summary Judgment and in Opposition to
Defendants' Motion for Bifurcation, attached to the Sivin Declaration as Exhibit 3.  In opposing
defendants' motion, plaintiff also asked the Court to search the record and grant summary
judgment to plaintiff against Chen on plaintiff's state and federal causes of action for false arrest
and excessive force.  *See* Plaintiff's Memorandum of Law, p. 27.  Plaintiff maintained that
"based on Chen's own testimony, Chen fails as a matter of law to meet his burden of
demonstrating that his warrantless arrest of plaintiff was based on probable cause."  Id.

> On September 6, 2013, this Court issued an order stating, in part, as follows:
"Recognizing that the Court is not yet in receipt of reply papers from Defendants, the Court
nonetheless advises the parties that there is a significant chance that this matter will proceed to
trial."  *See* Order of the Hon. Katherine B. Forrest, dated September 6, 2013, attached to the
Sivin Declaration as Exhibit 4.

> On September 5, 2013, defendants filed a reply memorandum of law.  *See*

---

[1] Plaintiff did not oppose defendants' motion to the extent it sought summary judgment on plaintiff's
state-law claim for intentional infliction of emotional distress.

Defendants' Reply in Support of Their Motion or (sic) Summary Judgment, or, in the

Alternative, to Bifurcate the Trial of Liability from Damages, attached to the Sivin Declaration

as <u>Exhibit 5</u>.  In apparent recognition that Chen's deposition testimony was fatal to their motion

for summary judgment—if not to withstanding plaintiff's request for summary judgment against

Chen—defendants argued in the reply memorandum that Chen's deposition testimony needed to

be "understood" as the result of pressure or coercion from plaintiff, who was present in the room

when Chen was deposed.

> It is also worth noting that Sergeant Chen, who has never been
> sued before, was the only officer whose (sic) was deposed with the
> plaintiff present.  His characterizations and descriptions of events
> can therefore be understood to have been couched in less
> confrontational or assertive language, elicited as they were in the
> presence of a fully sober, well-behaved plaintiff an arm's length
> away across a table in a small conference room.  Officer Taeza and
> Sergeant Foster were allowed to testify ***without any such social
> pressure or coercion.***

Defendants' Reply Memorandum of Law, p. 3, n. 2 [emphasis added].

On September 18, 2013, the Court issued an oral decision denying defendants'

motion for summary judgment in its entirety on the ground that there were numerous material

disputed issues of fact.  *See* Transcript of the September 18, 2013 proceeding before the Hon.

Katherine B. Forrest, attached to the Sivin Declaration as <u>Exhibit 6</u>, at pp. 3-6.  During the

September 18 proceeding, defendants advised the Court that they had not retained a medical

expert on the issue of causal connection between defendants' use of force and plaintiff's claimed

traumatic brain injury.  <u>Id</u>. at pp. 13-18.

A few days before trial, defense counsel Andrew Wenzel again broached the

subject of settlement with plaintiff's lawyer, Glenn Miller.  The two agreed that the positions of

their respective clients regarding the monetary value of plaintiff's case were too far apart, and

that the case therefore needed to proceed to trial.  *See* Sivin Declaration, at ¶ 16.

      The trial commenced November 18, 2013.  Prior to jury selection, defendants

orally renewed their motion for summary judgment based primarily on the testimony of Spencer

Schlee, a non-party witness deposed by defendants two days before trial.  *See* Transcript of the

November 18, 2013 proceeding before the Hon. Katherine B. Forrest, attached to the Sivin

Declaration as Exhibit 7, at p. 38.  After reviewing the pertinent portions of Schlee's deposition

testimony, the Court again denied defendants' motion for summary judgment.  Id. at p. 44.

While noting that this was the only § 1983 case that the Court had not disposed of summarily in

favor of the defense, the Court nevertheless stated that summary judgment was not warranted on

the record of this case.  Id. at p. 48.  The Court reminded defendants that they could move for a

directed verdict during trial.  Id. at p. 47.

      On November 21, 2013, after plaintiff and defendants rested, plaintiff moved for

judgment as a matter of law on the ground that

> on no reasonable view of the evidence can a jury conclude that
> before they initially seized the plaintiff…that it reasonably
> appeared to the officers that, one, plaintiff was mentally ill and
> probably a danger to himself or others, or that he engaged in any of
> the enumerated acts under the disorderly conduct statute with the
> intent of causing public inconvenience, annoyance, alarm, or
> recklessly creating a risk thereof.

*See* Transcript of the November 21, 2013 proceeding before the Hon. Katherine B. Forrest,

attached to the Sivin Declaration as Exhibit 8, at pp. 4-5.  The Court denied plaintiff's motion,

stating that "[t]here's an issue of fact as to the circumstances which were occurring at the scene,

and indeed, there's differences between what the two officers have said.  And therefore, I will let

that fact issue be determined by the jury, I'm not going to determine that fact issue, and so that is

denied."  Id. at pp. 5-6.  The Court then addressed defendants' "cross motion" for a directed

verdict, ruling that "to the extent that it's not on the question of proximate cause or the question of qualified immunity, then it is denied." Id. at p. 6. The Court reserved decision on the issue of whether defendants were entitled to judgment as a matter of law on the issue of proximate cause or qualified immunity. Id.

On September 16, 2013, defendants filed a Proposed Verdict Sheet. *See* Defendants' Proposed Verdict Sheet, attached to the Sivin Declaration as Exhibit 9. The Proposed Verdict Sheet did not include any questions to the jury on punitive damages. On November 21, 2013, the Court submitted its own Verdict Sheet to the jury. *See* Verdict Sheet, attached to the Sivin Declaration as Exhibit 10. The Court's Verdict Sheet included five questions on punitive damages. After the jury returned its verdict, resolving the material issues of fact in favor of defendants, this Court invited defendants to make the instant application for an attorney's fee.

## Liability

As demonstrated in the Sivin Declaration and exhibits annexed thereto, plaintiff at all times had colorable claims against defendants, *inter alia*, for excessive force and false arrest under state and federal law. None of those claims was frivolous, unreasonable, or without foundation.

## Damages

As demonstrated in the Sivin Declaration and exhibits annexed thereto, plaintiff at all times had a colorable claim that he sustained injuries as a result of defendants' use of force and forcible detention of him. Plaintiff's claim in that regard was neither frivolous, unreasonable, nor without foundation.

The exhibits annexed to the Sivin Declaration document that at a minimum plaintiff sustained, *inter alia*, the following injuries as a result of defendants' use of force and forcible detention of him:  loss of liberty, cuts and bruises to his hands and shoulder, concussion and traumatic brain injury, post-traumatic stress disorder.  At trial, plaintiff offered into evidence medical records and expert testimony to prove his injury claims.

## ARGUMENT

That the Court twice denied in its entirety defendants' motion for summary judgment is strong evidence that plaintiff's claims were neither frivolous, unreasonable, nor without foundation, and that a fee award to defendants is unwarranted.  *See* LeBlanc-Sternberg v. Fletcher, 143 F.3d 765 (2nd Cir. 1998).  That defendants offered $25,000.01 plus reasonable attorneys' fees, costs, and expenses to settle plaintiff's claims is further evidence that those claims were not frivolous.  *See* Wigfall v. Sodexo, Inc., 2013 U.S. App. LEXIS 19433, at *5 (11th Cir. 2013) ["Factors to consider include whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the case went through a full-blown trial"].

Even were one or more of plaintiff's claims frivolous, the Court could grant fees to defendants only in connection with time expended solely in defense of the frivolous claims. Fox v. Vice, 131 S. Ct. 2205, 2211 (2011).  "[I]f the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff."  Id. at p. 2215.  Where the plaintiff asserts various claims based on essentially the same facts, and some of those claims are not frivolous, the defendants have the burden of establishing that the fees they incurred were attributable solely to the frivolous claims. Braunstein v. Ariz. DOT, 683 F.3d 1177, 1189 (9th Cir. 2012).

Here, not only do defendants not even attempt to demonstrate that they incurred

attorney's fees solely in defense of frivolous claims, but they also make no attempt to identify which of plaintiff's twelve claims that received a full-blown trial were frivolous.[2]  Accordingly, the Court has no basis upon which to make any attorney's fee award.

Rather than attempt to demonstrate that any of plaintiff's causes of action were frivolous, defendants instead suggest only that 1) plaintiff was not entirely forthcoming during pre-trial discovery regarding the extent of his damages[3] and 2) plaintiff failed at trial to establish a causal connection between the April 14, 2012 use of force and his traumatic brain injury. Neither argument warrants an attorney's fee award.

Indeed, defendants offer no support for the implied argument that one who has a meritorious cause of action should pay an attorney's fee merely because his testimony regarding the extent of his damages is not credited by either the Court or the jury.  And to the extent plaintiff was unable at trial to prove a causal connection between some of his claimed injuries and defendants' use of force, such an inability does not mean that the claim of a causal connection was frivolous.  Indeed, both Dr. Gordon and Dr. Reisner definitively set forth the causal connection in their respective reports.  Defendants never moved *in limine* to preclude the testimony of either doctor on the ground that their conclusions were not based on competent, admissible evidence.  And while they now claim for the first time—and in carefully crafted language—that they were "compelled to retain a consulting neuropsychologist to assist them in

---

[2] Plaintiff's amended complaint asserted state-law claims for assault and battery against the City, Chen, and Taeza, § 1983 claims for excessive force against Chen and Taeza, state-law claims for false arrest against the City, Chen, and Taeza, § 1983 claims against Chen and Taeza for false arrest, and First Amendment claims against Chen and Taeza under § 1983. Only plaintiff's First Amendment claims, which survived two earlier motions for summary judgment, were dismissed by the Court *sua sponte* immediately before the case was given to the jury.

[3] Defendants assert, for example, that at his deposition plaintiff admitted facts "that had not been previously disclosed" and that he subsequently produced documents containing "information that plaintiff utterly neglected to provide during his lengthy and detailed deposition in June." *See* Zimmerman Declaration, at ¶¶ 10 and 17.

interpreting and rebutting the materials in Dr. Wayne Gordon's expert report" (*see* Zimmerman Declaration, at ¶ 14), defendants do not claim that this unnamed neuropsychologist actually ***did*** rebut any of Dr. Gordon's conclusions. That defendants never exchanged a report by their neuropsychologist pursuant to Fed. R. Civ. P. 26(a)(2), much less called or even identified their expert as a trial witness, suggests that their expert did ***not*** disagree with the findings in Dr. Gordon's report. *See* Acosta v. Griffin, 2013 U.S. Dist. LEXIS 144867, at *21-22 (S.D.N.Y. 2013) [jury entitled to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support the party's version of events].

Based on the reports of his expert neuropsychologist and his treating psychologist, plaintiff had a good-faith basis for his claim that he sustained a concussion, traumatic brain injury, and post-traumatic stress disorder as a result of defendants' actions.[4] That the Court sustained defendants' objections to evidence and testimony that would have supported that claim does not render the claim frivolous.

Finally, plaintiff does not have the financial wherewithal to pay even a fraction of the attorney's fee requested by defendants. *See* Affidavit of Andrew Abeyta, annexed as Exhibit 25 to the Sivin Declaration. Defendants' failure to address plaintiff's finances deprives the Court of a basis for determining what would be a reasonable fee award, were any award justified. *See* Garner v. Cuyahoga County Juvenile Court, 554 F.3d 624, 643 (6th Cir. 2009)[reversing attorney's fee award that did not take into account the plaintiff's ability to pay].

---

[4] No expert testimony was required to establish a causal connection between defendants' forcible detention of plaintiff and plaintiff's loss of liberty, or between defendants' use of force against plaintiff and the cuts and bruises to plaintiff's body. Those injuries were sufficient to establish, at a minimum, plaintiff's state-law causes of action for false arrest and assault and battery. *See* Kerman v. City of New York, 374 F.3d 92, 131 (2nd Cir. 2004) ["...New York and hornbook authorities reveal that the loss of liberty inherent in an unlawful detention is an injury compensable under the common law of torts"]; Johnson v. Suffolk County Police Dep't, 245 A.D.2d 340 (2nd Dep't 1997) [holding that a police officer committed a battery when he touched the plaintiff during an unlawful arrest].

## <u>CONCLUSION</u>

Based on the foregoing, plaintiff submits that defendants' motion for an order

awarding an attorney's fee to defendants should be denied in its entirety.

Dated:  New York, New York
        January 7, 2014

                                        Yours, etc.
                                        SIVIN & MILLER, LLP

                                 By_____
                                        Edward Sivin
                                        Attorneys for Plaintiff
                                        20 Vesey St., Suite 1400
                                        New York, NY  10007
                                        (212) 349-0300